UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
KENNETH CUNNINGHAM,

                        Plaintiff,                04-CV-5566 (CS)

    - against -                     **MEMORANDUM
                                            AND ORDER**

THE DEPARTMENT OF CORRECTIONAL SERVICES;
Green Haven C.F. Superintendent, W.E. PHILLIPS;
Green Haven C.F. Medical Director, Dr. CARL J.
KOENIGSMANN; Green Haven C.F. health provider,
DR. HARI CHAKRAVORTY; Green Haven C.F.
optometrist, DR. HARRY MAMIS; Green Haven C.F.
physiatrist, DR. WEINSTEIN,

                        Defendants.
-----------------------------------------------------------------------x

Seibel, J.

      Before the Court is the renewed Motion to Dismiss of Defendants Department of Correctional Services ("DOCS"), Phillips and Koenigsmann in this *pro se* action brought pursuant to 42 U.S.C. § 1983 ("Section 1983") based on Defendants' alleged violation of the Eighth Amendment's proscription against cruel and unusual punishment through their indifference to Plaintiff's medical needs while he was an inmate at the Green Haven Correctional Facility. (Doc. 42.) Also pending is Plaintiff's application that the Court request *pro bono* counsel for him. (Doc. 52.) Familiarity with prior proceedings is presumed. The only claim remaining in the case is the allegation that Defendants refused Plaintiff treatment for his syphilis – specifically, the second and third injections of three-injection course of Bicillin – knowing that that treatment was medically necessary. Defendants Phillips and Koenigsmann seek dismissal on grounds that they had no personal involvement in the alleged conduct, and DOCS seeks

-1-

dismissal on grounds that it is not a "person" within the meaning of Section 1983 and is protected by sovereign immunity. For the reasons stated below, the motions are granted. Defendants Mamis and Weinstein having previously been dismissed, trial will proceed only against Plaintiff's treating physician, Dr. Chakravorty. Plaintiff's application that counsel be requested is also granted.

I.    Defendants' Motion to Dismiss

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991). "[T]he doctrine of respondeat superior standing alone does not suffice to impose liability for damages under section 1983 on a defendant acting in a supervisory capacity." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 753 (2d Cir. 2003). A supervisory defendant's personal involvement may be established by evidence that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). "The bare fact that [a defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [a plaintiff's] claim." *Id.* at 874.

Plaintiff's Complaint – which I construe generously because he is *pro se*, *see Lerman v. Board of Elections*, 232 F.3d 135, 140 (2d Cir. 2000) – alleges in conclusory fashion that he

wrote numerous letters to Defendants Phillips and Koenigsmann and "was given the run around." (Compl. ¶ 4.) In his response to the instant Motion, Plaintiff attaches what he characterizes as every letter to and from those Defendants regarding this matter.[1]  The communications with Koenigsmann make no mention of the failure to provide the second and third Bicillin injections.  Therefore, Koenigsmann "was never put on actual or constructive notice of the violation." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).  Likewise, the communications with Phillips do not refer to the injections.  Rather, various claims regarding back pain seem to be the focus of the Plaintiff's correspondence.[2]  The sole document raising the failure to provide the second and third Bicillin injections is an undated document in which Plaintiff stated his intention to appeal the Inmate Grievance Resolution Committee's decision regarding various health-related matters.  It is not clear to whom this document was addressed.  But it is clear – from Plaintiff's statement in the document that he was in keep-lock status from May 18, 2004, to June 7, 2004 – that it was authored some time after June 7, 2004.  It is undisputed that Plaintiff received the three injections starting in September 2004.  Thus, even if the appeal document had been addressed to Phillips, and assuming the underlying grievance related to the Bicillin injections, the record does not show that the institution was at that point unresponsive to Plaintiff's issues.  To the contrary, the correspondence provided by Plaintiff

---

[1]  Because the Complaint refers to these communications, I am permitted to consider them in connection with a motion to dismiss.  Documents that are "integral" to the complaint, are partially quoted in the complaint, or were relied upon by plaintiff in drafting the complaint may be properly considered on a motion to dismiss.  *See Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).

[2]  Even a letter to Phillips, dated March 25, 2004, from a lawyer acting on Plaintiff's behalf did not mention the Bicillin injections and instead referred only to laser surgery for cataracts and an MRI for back pain.

suggests that Phillips responded to Plaintiff's complaints and directed them to appropriate subordinates. *See Sealey v. Giltner,* 116 F.3d 47, 51 (2d Cir. 1997). Accordingly, the Motion to Dismiss for insufficient allegations of personal involvement as to Defendants Phillips and Koenigsmann is granted.

DOCS, an agency of New York State, is not a "person" within the meaning of Section 1983, *see Spencer v. Doe*, 139 F.3d 107, 111 (2d Cir. 1998), and is protected from suit by sovereign immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977). Accordingly, it is dismissed from this action.

Plaintiff's request to amend the Complaint to add the Commissioner of Corrections in place of DOCS is denied. As support for the requested amendment, Plaintiff states only that the Commissioner was the superior officer of other DOCS employees. As noted above, a supervisory position does not suffice absent allegations of personal involvement. Having been on notice of the issue since DOCS initially moved to dismiss in 2004, Plaintiff should have been able to supply factual support for the requested amendment if any existed. Plaintiff's request to amend the Complaint to seek punitive damages is denied without prejudice to renewal by application setting forth the basis for the claim for punitive damages and the reason(s) the application was not made until this late stage in the litigation. Any such application must be filed within 14 days of the date of this Order.

II.     Plaintiff's Application for Counsel

Courts do not have the power to obligate attorneys to represent *pro se* litigants in civil cases. *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989). Instead, pursuant to 28 U.S.C. § 1915(e), the Court may, in its discretion, order that the *Pro Se* Office request that an attorney represent an indigent litigant by placing the matter on a list that is circulated to attorneys who are members of the Court's *Pro Bono* Panel. *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). To determine whether to request counsel, the Court must "first determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). "The question for the Court is whether, from the face of the pleadings, the claims asserted by the plaintiff may have merit, or the plaintiff appears to have some chance of success." *Person v. Ercole*, No. 08-CV-7532, 2009 U.S. Dist. LEXIS 31371, at *3 (S.D.N.Y. Mar. 26, 2009) (internal citations and quotation marks omitted).[3] If this threshold requirement is met, then the Court must consider additional factors including the *pro se* litigant's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (quoting *Hodge*, 802 F.2d at 61-62). It appears that Plaintiff has some chance of succeeding on the claim that his physician was indifferent to his medical needs in that his receipt of the Bicillin injections was improperly

---

[3] A copy of this unreported decision will be provided to Plaintiff.

delayed from December 2003 to September 2004. Further, while Plaintiff thus far has been capable of handling this matter, a trial – particularly one where medical experts may be involved and the issue of whether Plaintiff suffered injury meriting damages as a result of the alleged conduct is likely to be disputed – presents daunting challenges. Accordingly, I direct that the *Pro Se* Office seek counsel for Plaintiff in accordance with its usual procedures. There is no guarantee, however, that a volunteer attorney will agree to take the case. If no attorney volunteers, Plaintiff will proceed on his own, on the schedule set by the Court.

III.  Conclusion

For the reasons stated above, the Motion of Defendants DOCS, Phillips and Koenigsmann to dismiss the remaining claim as to them is GRANTED. Plaintiff's application that the Court request *pro bono* counsel is also GRANTED, but Plaintiff's application to amend the Complaint is DENIED. The Clerk of Court is respectfully directed to terminate the pending motions (Docs. 42, 52). The Parties are directed to appear for a status conference on June 29, 2009 at 9:30 a.m., at which time the Court will set a date for trial against the remaining Defendant, Dr. Chakravorty, on the remaining claim of indifference to medical needs arising from the failure to administer the second and third Bicillin injections.

SO ORDERED.
Dated: May 20, 2009
        White Plains, New York

                                    _____
                                    CATHY SEIBEL, U.S.D.J.